# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMOS LEE TATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 18-148 Erie |
| v. ) | |
| ) | Judge Cathy Bissoon |
| SUPERVISOR HUD ) | |
| *Anonyminty [sic] Name* ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

### I. MEMORANDUM

This *pro se* civil action was commenced by Plaintiff Amos Lee Tate ("Plaintiff") on May 22, 2018 with the filing of his motion for leave to proceed *in forma pauperis* (Doc. 1) and accompanying Complaint (Doc. 1-1). Plaintiff's *in forma pauperis* motion was granted on May 23, 2018 (Doc. 2), and his Complaint was docketed that same day (Doc. 4).

The Court subsequently examined the Complaint in accordance with 28 U.S.C. §1915(e)(2) and determined that it failed to state a viable claim upon which relief could be granted and/or it appeared to advance theories that were barred by the doctrine of sovereign immunity. Accordingly, on June 21, 2018, the Court issued a Memorandum and Order dismissing the case (Doc. 8) and entered a Rule 58 Judgment (Doc. 9). The dismissal was without leave to amend inasmuch as the Court determined that it lacked subject matter jurisdiction over the claims that were barred by sovereign immunity and, as to Plaintiff's remaining putative claims, the defects in Plaintiff's pleading could not be cured through further amendment.

Presently pending before the Court is a document styled by Plaintiff as "objections" to the Court's June 21, 2018 Order and Judgment. Doc. 10. In light of the procedural posture of this case, the Court will construe Plaintiff's "objections" as a motion for relief from a judgment or order in accordance with Rule 60 of the Federal Rules for Civil Procedure.

Pursuant to Rule 60, a federal district court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff's motion is largely unintelligible. As far as this Court can tell, Plaintiff appears to be complaining that the Court's June 21 ruling was biased, premature and in violation of his due process rights and the Federal Rules of Civil Procedure. More broadly, it appears that Plaintiff may be objecting to a host of perceived injustices involving various federal and state judges, a psychiatrist, and the former mayor of Erie, Pennsylvania. In any event, even when it is construed in the most generous light, Plaintiff's motion fails to set forth any basis that would justify setting aside the Court's June 21, 2018 ruling or otherwise granting relief pursuant to Rule 60(b).

## II. ORDER

Accordingly, this Court having construed Plaintiff's "Objection" to its June 21, 2018 Order and Judgment as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure, said motion is **DENIED**.

IT IS SO ORDERED.


July 16, 2018                                         s/ Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge



cc (via First-Class U.S. Mail)

Amos Lee Tate
3718 Hazel Street
Erie, PA 16508